# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00150-MR-DLH

| | |
|---|---|
| GREGORY ARMENTO, ) ) Plaintiff, ) ) vs. ) ) ASHEVILLE BUNCOMBE ) COMMUNITY CHRISTIAN ) MINISTRY, INC., ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court upon the Plaintiff's Motion for Injunctive Relief [Doc. 4].

## I. PROCEDURAL BACKGROUND

On June 12, 2017, the Plaintiff Gregory Armento initiated this action against the Defendant Asheville Buncombe Community Christian Ministry, Inc. ("ABCCM"), asserting claims for various violations of the Fair Labor Standards Act and the North Carolina Wage and Hour Act; retaliation and wrongful termination; "duress, undue influence, and illegal contracts"; intentional infliction of emotional distress; and claims under 42 U.S.C. §§ 1983 and 1985 for violations of his rights under the First and Fourteenth

Amendments to the United States Constitution. [Doc. 1]. Along with his Complaint, the Plaintiff filed the present Motion for Injunctive Relief. [Doc. 4]. On August 14, 2017, ABCCM filed its Answer and a Response to the Plaintiff's Motion for Injunctive Relief. [Docs. 18, 19].

Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

A plaintiff seeking a preliminary injunction must demonstrate that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent injunctive relief, (3) the balance of equities tips in his favor, and (4) the injunction would be in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24. Thus, in each case the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). Ultimately, a plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court. See Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

## IV.   ANALYSIS

The Plaintiff currently resides at the Veterans Restoration Quarters ("VRQ"), a homeless shelter for veterans owned and operated by ABCCM. [Doc. 1 at ¶ 7]. As a condition of residing at the VRQ, the Plaintiff is required to work a number of "service hours" contributing to the operation of the facility. [Id. at ¶ 17]. In addition, the Plaintiff alleges that he was employed on a part-time basis by ABCCM to serve as the Front Desk Manager of the VRQ. [Id. at 18]. The Plaintiff alleges that he is entitled to unpaid wages and overtime compensation as a result of work performed both as "service hours" and in his capacity as a part-time employee. [Id. at ¶¶ 17, 19].

In his Motion for Injunctive Relief, the Plaintiff asks the Court to order ABCCM to continue housing him at the VRQ and to bar ABCCM from expelling him. [Doc. 4 at 1]. For the following reasons, the Plaintiff's motion must be denied.

In this action, the Plaintiff seeks to recover unpaid wages and overtime compensation under the FLSA, and he asserts claims for retaliation (i.e., wrongful termination of employment) and intentional infliction of emotional distress related to the nonpayment of wages. [See Doc. 1]. Through his preliminary injunction motion, however, the Plaintiff asks the Court to require

3

ABCCM to continuing housing him at the VRQ.  The Plaintiff has presented no evidence showing that his entitlement to reside at the VRQ is in any way related to the claims he asserts in this lawsuit, which are claims for monetary damages arising from the Defendants' alleged failure to pay the Plaintiff proper wages.  A preliminary injunction cannot issue for matters "lying wholly outside the issues in the suit." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945).  As the Plaintiff's request for injunctive relief is not sufficiently related to the claims asserted in this lawsuit, his motion must be denied.

Even assuming for the sake of argument that the Plaintiff's motion for a preliminary injunction were sufficiently related to the claims asserted in this action, the Court would still deny the requested relief.  First, the Plaintiff will not suffer irreparable harm if the requested relief is denied.  As set forth in Plaintiff's Complaint, ABCCM is a provider of supportive housing[1] to

---

[1] "Supportive housing" is defined as housing supportive services provided for homeless veterans that:

> (1) Is not shelter care, other emergent housing, or housing designed to be permanent or long term (more than 24 months), with no requirement to move; and
>
> (2) Is designed to either:

homeless veterans. [Doc. 1 at ¶ 14]. ABCCM receives grant money from the U.S. Department of Veterans' Affairs through a grant per diem program to cover the cost of housing homeless veterans. [Affidavit of Tim McElyea ("McElyea Aff."), Doc. 19-1 at ¶ 3]. The evidence before the Court shows that homeless veterans participating in the grant per diem program are ordinarily entitled to only 24 months of funding. [Id. at ¶ 4]. At the conclusion of the 24-month period, the veteran is expected to have obtained employment and to be able to transition to permanent housing. [Id.].

The Affidavit of Tim McElyea, which was submitted by the Defendant in support of its response to the Plaintiff's motion, establishes that the Plaintiff began receiving assistance under the grant per diem program on September 5, 2015. [Id. at ¶ 7]. Thus it is undisputed that the Plaintiff will no longer be eligible to receive grant per diem funds on September 5, 2017.[2] [Id.]. Thus,

---

(i) Facilitate the movement of homeless veterans to permanent housing within a period that is not less than 90 days and does not exceed 24 months, subject to § 61.80; or

(ii) Provide specific medical treatment such as detoxification, respite, or hospice treatments that are used as step-up or step-down programs within that specific project's continuum.

38 C.F.R. § 61.1. A homeless veteran may remain in supportive housing for a period longer than 24 months, "if permanent housing for the veteran has not been located or if the veteran requires additional time to prepare for independent living." 38 C.F.R. § 61.80.

[2] The Plaintiff has not presented any evidence to indicate that he is entitled to any

5

requiring ABCCM to continue to house the Plaintiff beyond September 5, 2017, is simply not a benefit to which the Plaintiff is entitled.

Moreover, if ABCCM were required to continue to house the Plaintiff beyond September 5, 2017, it would cause substantial harm to ABCCM, as it would be forced to utilize private resources to cover the cost of the Plaintiff's living expenses. [Id. at ¶ 10]. ABCCM also would have to deny benefits to another veteran, and there are at least 34 homeless veterans in Western North Carolina on the waiting list for the VRQ. [Id. at ¶¶ 9, 10]. Given the likelihood of substantial harm to ABCCM and to the local community of homeless veterans, the Court finds that the balance of equities tips in favor of not granting the requested relief and that granting the requested relief would not serve the public interest.[3]

For all of these reasons, the Plaintiff's motion for a preliminary injunction is denied.

---

extension of the 24-month time period. It should be noted, however, that ABCCM intends to provide the Plaintiff with transitional case management for up to 18 months after September 5, 2017 and has offered to provide furniture, food, boxes, clothing, bus passes, and other supportive assistance to the Plaintiff. [Id. at ¶ 8].

[3] In light of these findings, the Court need not address whether the Plaintiff is likely to succeed on the merits of his claims. Therefore, the Court does not express any opinion regarding the likelihood of the Plaintiff's success on the merits.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for a Preliminary Injunction [Doc. 4] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 1, 2017

Martin Reidinger
United States District Judge