# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00150-MR-DLH

| | |
|---|---|
| GREGORY ARMENTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ASHEVILLE BUNCOMBE ) | |
| COMMUNITY CHRISTIAN ) | |
| MINISTRY, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court *sua sponte* after review of the Defendant's Motion for Partial Summary Judgment [Doc. 46] and the Defendant's Motion to Dismiss [Doc. 49].

The Defendant seeks the dismissal of, *inter alia,* the Plaintiff's claims for minimum wage and overtime compensation asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). A basis for the assertion of federal subject matter jurisdiction in this case is the FLSA claim. The FLSA applies to all employees, regardless of the type of work performed, if such employees are employed by "an enterprise engaged in commerce or in the production of goods for commerce," as that phrase is

defined in 29 U.S.C. § 203(s).  The materials submitted by the Defendant in support of its dispositive motions cause the Court to question whether the Defendant is "an enterprise engaged in commerce" within the meaning of the FLSA, and thus whether the Court has subject matter jurisdiction over the Plaintiff's claims.  The lack of subject matter jurisdiction is an issue that may be raised at any time.  See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

Accordingly, **IT IS, THEREFORE, ORDERED** as follows:

(1) The parties shall submit supplemental briefing to the Court on the issue of whether the Defendant is "an enterprise engaged in commerce" within the meaning of the § 203(s) of the FLSA.  The Defendant shall have through and including **October 26, 2018** to file a supplemental brief on this issue.  The Plaintiff shall have through and including **November 16, 2018** to file his supplemental brief in response.  Neither supplemental brief shall exceed ten (10) pages.

(2) The trial of this matter, which is currently scheduled during the November 13, 2018 trial term, is hereby **CONTINUED** and will be reset at a later time.

(3) The final pretrial conference, which is currently scheduled for November 6, 2018, is also **CONTINUED** and will be reset at a later time.

(4) The Court anticipates setting a hearing on the Defendant's pending motions upon the completion of the parties' supplemental briefing.

**IT IS SO ORDERED.**

Signed: October 8, 2018

Martin Reidinger
United States District Judge