IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00150-MR-DLH

| | |
|---|---|
| GREGORY ARMENTO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ASHEVILLE BUNCOMBE )<br>COMMUNITY CHRISTIAN )<br>MINISTRY, INC., )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss [Doc. 67].

On March 27, 2019, the Court entered an Order dismissing the Plaintiff's federal law claims but denying the Defendant's motions to dismiss and for summary judgment with respect to the Plaintiff's claims for minimum wage and overtime violations under North Carolina law. [Doc. 66]. The Defendant now seeks the dismissal without prejudice of the Plaintiff's remaining state law claims. [Doc. 67].

Section 1367 of Title 28 of the United States Code provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). The Plaintiff's state law claims here were "so related" to his federal wage and overtime claims that they formed part of the same case or controversy. Accordingly, the Court may properly exercise supplemental jurisdiction over these state law claims.

The Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Id.

The present case has been pending for more than two years. Trial is currently scheduled in a little more than thirty days. Dismissal of the *pro se*

Plaintiff's remaining state law claims at this late stage of the proceedings would not be either fair or convenient to the parties, nor would it be the most efficient use of judicial resources. Accordingly, in the exercise of its discretion, the Court will continue to exercise supplemental jurisdiction over the Plaintiff's remaining state law claims.

**IT IS, THEREFORE, ORDERED** the Defendant's Motion to Dismiss [Doc. 67] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 5, 2019

Martin Reidinger
United States District Judge